# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CANDY L. SHARPE,<br><br>                Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST LP, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, GHI INSURANCE COMPANY, DEAN HEALTH PLAN INC., COMMON GROUND HEALTHCARE COOPERATIVE, NETWORK HEALTH PLAN, CONTINENTAL 76 FUND LLC, WAL-MART REAL ESTATE BUSINESS TRUST, JKL CORPORATION, and MNO INSURANCE COMPANY,<br><br>                Defendants. | Case No. 18-CV-1912-JPS<br><br>**ORDER** |

On December 4, 2018, this personal injury case was timely removed from Washington County Circuit Court to the Eastern District of Wisconsin pursuant to 28 U.S.C § 1332. (Docket #1). The action, which was initially assigned to Magistrate Judge David E. Jones, was reassigned to this branch of the Court on February 1, 2019. The case involves a Wisconsin plaintiff who was injured at a Wal-Mart store, and who subsequently sued Wal-Mart Stores East LP and Wal-Mart Real Estate Business Trust, as well as her health insurers, Dean Health Plan Inc., Common Ground Healthcare Cooperative, and Network Health Plan. In their notice of removal, Defendants explained that the health insurance defendants from

Wisconsin, i.e., Dean Health Plan, Inc. and Common Ground Healthcare Cooperative, were better considered involuntary plaintiffs for diversity purposes, (Docket #1 at 4), because "parties must be aligned according to their attitude towards the actual and substantial controversy." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 75 n.4 (1941) (citations and quotations omitted).[1] In this case, Defendants contend that realignment is proper because there is no actual controversy between the health insurance defendants and Plaintiff—rather, the health insurance defendants' interests are "aligned with those of the insured for whose loss they have paid, and against those of the tortfeasor." (Docket #1 at 4). Plaintiff did not contest this characterization or object to removal.

Plaintiff sued the health insurance defendants pursuant to Wisconsin law. *See* (Docket #1-1 at 4–6); (Docket #5 at 6–8). Under Wis. Stat. § 803.04(2), "[i]n any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy. . .is by this section made *a proper party defendant* in any action brought by plaintiff in this state on account of any claim against the insured." (emphasis added) (*c.f.* Wis. Stat. § 49.89(2), which makes clear that state benefit providers have a subrogated interest in the rights of the benefit recipients, and does *not* require them to be added as defendants). Whether a defendant added under Wis. Stat. § 803.04(2) is better construed as plaintiff for diversity purposes is a case-by-case inquiry. *Compare Vandervest v. Wis. Cent., Ltd.*, 936 F. Supp. 601, 604–05

---

[1] Defendants did not discuss Network Health Plan, which is also a Wisconsin citizen, but Network Health Plan's alignment in this case is similar to that of Dean Health Plan, Inc. and Common Ground Healthcare Cooperative, so the analysis is unchanged.

(E.D. Wis. 1996) (finding that plaintiff's insurers had no adverse interest to the plaintiff, and therefore did not destroy diversity); *with Seth Peterson Cottage Conservancy, Inc. v. Goodyear Tire and Rubber Co.*, 2003 WL 23221149, at *1 (W.D. Wis. 2003) (concluding that realignment would be improper where plaintiffs had substantial conflict with both original defendant and insurance defendant added pursuant to Section 803.04); *see also Acme Printing Ink Co. v. Menard, Inc.*, 812 F. Supp. 1498, 1519–20 (E.D. Wis. 1992) (federal question case in which the court determined that it had no jurisdiction over a cross-claim between a defendant and an insurance company sued under Section 803.04). In light of the statute, Plaintiff named Dean Health Plan, Inc., Common Ground Healthcare Cooperative, and Network Health Plan as defendants. In the state court proceeding, Dean Health Plan filed a cross-claim against its co-defendants and a counter-claim against Plaintiff before assigning its claim to Plaintiff in the federal litigation. *See* (Docket #9, #10, and #36). Network Health Plan filed a counterclaim against Plaintiff in the federal litigation. (Docket #14 and #22). Common Ground Healthcare Cooperative has yet to appear in the case. Therefore, not all non-diverse health insurance defendants have interests that are directly aligned with Plaintiff, and realignment is not obviously proper.

To complicate matters, on December 19, 2018, Plaintiff filed an amended complaint. (Docket #5). A party may amend a pleading once as a matter of course within either 21 days of service or 21 days after service of a responsive pleading; in all other cases, a party may amend only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Plaintiff filed her amended complaint after the time allowed to amend as a matter of course, and it does not appear that Plaintiff sought Defendants'

written consent. However, Defendants timely answered Plaintiff's amended complaint and, in doing so, did not voice any objection. (Docket #12, #14, #19, and #36).² Therefore, the Court will exercise its discretion and consider the amended complaint to have been filed with the opposing party's consent. *See e.g.*, *Armament Sys. & Proc., Inc. v. Emissive Energy Corp.*, 2007 WL 2572304, at *4 (E.D. Wis. Sept. 5, 2007) (electing to construe a third party complaint as a motion to amend a counterclaim in order to promote judicial efficiency); *Novoselsky v. United States*, 2018 WL 6305598, at *1 (E.D. Wis. 2018) (construing one portion of a motion to amend as a motion to supplement); *see also Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (construing a plaintiff's response to a show-cause order as a motion to amend rather than a motion to voluntarily dismiss).³

"When a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). In this case, Plaintiff did not dispute the original complaint's removal to federal court, even though the alignment of the health insurance defendants provided grounds for such a dispute. Shortly thereafter, Plaintiff re-filed an amended complaint in federal court. (Docket #5).

---

²Common Ground Healthcare Cooperative is the only defendant who has yet to appear and respond.

³Some courts have observed tension between Federal Rule of Civil Procedure 15(a) and 28 U.S.C. § 1447(e) when a complaint is amended as a matter of course after removal. *See e.g.*, *Mayes v. Rapoport*, 198 F.3d 457, 46162 (4th Cir. 1999); *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000); *Miami-Dade Cty. v. VIAD Corp.*, 2006 WL 8433461, at *3–4 (S.D. Fla. 2006). Those cases determined that where an amendment destroys diversity, Section 1447(e) controls over Rule 15, and courts may either refuse the amendment or allow the amendment and remand. However, that tension does not exist in this case, where Defendants have consented to the amended complaint.

Plaintiff's amended complaint added Continental 76 Fund LLC, a Wisconsin company, as a defendant, because that company owns the property on which the Walmart in question is operated. (Docket #5 at 4). In their answers, the Walmart defendants admitted the allegations regarding Continental 76 Fund LLC's citizenship and relationship to the lawsuit. (Docket #12 at 3); (Docket #19 at 2). It does not appear that Plaintiff added Continental 76 Fund LLC to destroy diversity—she alleged that this Court has diversity jurisdiction in the amended complaint, (Docket #5 at 8), and did not move to remand following her amended filing. The time-of-filing rule, which holds that "jurisdiction once properly invoked is not lost by developments after a suit is filed" does not apply "if the plaintiff amends away jurisdiction in a subsequent pleading." *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) (citing *Rockwell Int'l Corp.*, 549 U.S. at 473–74).

In light of its limited jurisdiction, the Court must evaluate "sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447 (7th Cir. 2000). Additionally, "uncertainties regarding the proper removal procedure under the statute should be resolved in favor of remand." *Auchinleck v. Town of LaGrange*, 167 F. Supp. 2d 1066, 1069 (E.D. Wis. 2001) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The Court was already on shaky jurisdictional grounds with regards to the health insurance defendants who, under Wisconsin statute, must be added as defendants, and would have needed to be realigned in order for jurisdiction to be proper. *See e.g.*, (Docket #14) (Network Health Plan, who would have needed to be realigned as an involuntary plaintiff, filed counterclaim against Plaintiff). Now, in light of the amended complaint, which adds diversity-destroying allegations

against Continental 76 Fund, a Wisconsin company, the Court firmly concludes that it lacks jurisdiction over the matter, and must remand the case.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **REMANDED** to the Washington County Circuit Court for further proceedings.

The Clerk of the Court is directed to take all appropriate steps to effectuate the remand.

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge